IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Wilkerson Fuel, Inc., | ) | |
| | ) | |
| Appellant, | ) | C.A. No. 7:09-223-HMH |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| James Allen Elliott, Sr., | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court on the appeal by Wilkerson Fuel, Inc. ("Wilkerson") from an order entered by United States Bankruptcy Judge Helen E. Burris on November 24, 2008 ("November Order"). After review, the court reverses the bankruptcy court's decision in this matter and remands the case for further consideration.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Wilkerson alleges that it was a fuel supplier to BME Marketing, LLC ("BME"), whose sole member is the Appellee, James Allen Elliott, Sr. ("Elliott"). (Mot. Relief Stay 1.) On April 23, 2007, Wilkerson filed a summons and complaint in the Court of Common Pleas for York County, South Carolina against BME and Elliott alleging that BME owed Wilkerson $73,538.55 for fuel delivered to BME between November 3, 2006, and December 1, 2006. (State Court Compl. ¶¶ 8, 9.) Elliott sold BME on December 4, 2006. Wilkerson alleges that it has not been paid for the fuel. (Id. ¶ 11.) However, according to Wilkerson, Elliott deposited over $100,000.00 in his personal bank account between November 16, 2006, and December 18, 2006. (Appellant's Br. 4.) Wilkerson noticed Elliott's deposition for January 9, 2008. Elliott filed for

1

chapter 13 bankruptcy on January 8, 2008.  (May 23, 2008 Order 1.)  Elliott listed Wilkerson as a creditor and Wilkerson received notice of the April 7, 2008, deadline for filing complaints under Rule 4007(c) of the Federal Rules of Bankruptcy Procedure. (Id.)

On March 24, 2008, Wilkerson filed a "Motion for Relief from Automatic Stay" ("Motion") in the bankruptcy court arguing that Wilkerson's claim was based on fraud and not dischargeable in bankruptcy.  Elliott filed a response to the Motion on March 25, 2008.  A hearing on the Motion was held on April 17, 2008.  During the hearing, Wilkerson's counsel moved to have the Motion amended to constitute an adversary proceeding complaint.  On May 23, 2008, the bankruptcy judge denied Wilkerson's Motion and denied the oral motion to amend and convert the case to an adversary proceeding ("May Order").  Wilkerson appealed the May Order to this court which remanded the matter to the bankruptcy court for further consideration.  See 7:08-2654-HMH.  On November 24, 2008, the bankruptcy court again denied Wilkerson's Motion and request to convert the Motion into a timely adversary proceeding.  This appeal followed.

## II. LEGAL ANALYSIS

Rule 8013 of the Federal Rules of Bankruptcy Procedure provides in part that:  "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  In addition, the district court "reviews decisions of law *de novo*."  In re Brasington, 274 B.R. 159, 162 (Bankr. D. Md. 2002).

On appeal, Wilkerson alleges that "the timely filing of the . . . Motion for Relief from Stay was sufficient to start an adversary proceeding pursuant to Rule 7008 F. R. Bankr. P. which

applies Rule 8 F. R. Civ. P., and therefore was sufficient to commence an action under 11 U.S.C. § 523(c)(1)."  (Appellant's Br. 6.)

Wilkerson contends that it timely filed an adversary proceeding in this matter.  In contrast, Elliott contends that the Motion was "insufficient to start an adversary proceeding." (Appellee's Br. 5.)  Therefore, the first issue is whether Wilkerson's Motion is sufficient to constitute an adversary proceeding.

Rule 7001 provides that "a proceeding to object to or revoke a discharge" is an adversary proceeding.  Rule 8(a) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, provides that an adversary proceeding complaint must contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Further, Rule 8(e) states that "[p]leadings must be construed so as to do justice."  Rule 7008(a) further provides that the adversary proceeding must "contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge."  Further, pursuant to Rule 7004, a summons and the complaint must be served on the parties.  The defendant must serve an answer "within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012(a).

>In its November Order, the bankruptcy court held that
>
>[a]fter a review of applicable law and careful analysis of the pleading, the court finds that the content of Wilkerson's Motion is insufficient to initiate a timely complaint to determine the dischargeability of debt under Rules 7001 and 7008(a). While in this case the content of the Motion for Relief from Stay at least mentions discharge of debt, giving some notice of creditor's position, it requests unrelated relief.

(November Order 8-9.) The bankruptcy court discussed In re Dominquez, 51 F.3d 1502 (9th Cir. 1995), In re Marino, 37 F.3d 1354 (9th Cir. 1994), and In re Rand, 144 B.R. 253 (Bankr. S.D.N.Y. 1992), and found that the facts of this case were similar to those in the Marino decision, which held that the pleading was insufficient to constitute an adversary complaint. The court disagrees.

In Dominquez, the creditors filed a "Memorandum Re: Relationship between Order Confirming Trustees Plan and Debtor's Discharge" two days prior to a chapter 11 confirmation hearing. 51 F.3d at 1505. The chapter 11 plan was confirmed. Id. The creditors filed a declaratory judgment action alleging that the chapter 11 plan did not discharge the debt. Id. The creditors did not file a complaint within the time period provided by Rule 4004, providing that in a chapter 11 bankruptcy objecting to discharge under 11 U.S.C. § 727(a), "the complaint shall be filed no later than the first date set for the hearing on confirmation." Id. The bankruptcy court dismissed the action. Id. On appeal, the Bankruptcy Appellate Panel ("BAP") found that the memorandum constituted a complaint objecting to the discharge. The creditors argued in part that "the declaratory judgment complaint was an amendment that related back, under Rule 7015, to the Discharge Memorandum, which was itself an informal complaint timely filed

before the bar date." 51 F.3d at 1505. The debtor argued that the memorandum "did not constitute a pleading to initiate an adversary proceeding." Id.

The Ninth Circuit noted that "notice of the nature of the relief claimed is the primary criterion in determining whether a deficient pleading constitutes a complaint under Rule 7008" and held that the memorandum, "although a deficient pleading, is sufficient to place the debtor on notice of the claim against him and substantially complies with the notice pleading requirements of Rule 7008." Id. at 1509. The Ninth Circuit based its holding on the following facts:

> Dominguez received timely notice that the Millers were contesting his right to discharge under section 1141(d)(3). The Discharge Memorandum urged the bankruptcy court to address the extent to which the confirmation order should discharge Dominguez' debts. The memorandum cited the statutory criteria upon which the Millers relied in making their claim of nondischargeability, and it referenced specific sections of the examiner's report as support for their allegations that the criteria had been satisfied. It stated the Millers' claim for relief, in that it claimed that the confirmation order could not discharge Dominguez' debts under the law.

Id.

In Marino, prior to the deadline for filing a dischargeability complaint, the creditor filed an "Opposition to Sale, a declaration by an attorney at the firm, and copies of its state court complaint and other documents related to the [state court] action." 37 F.3d. at 1356. The creditor's attorney intended to file a complaint but erroneously believed that the bar date for filing a complaint was the same as for proof of claims. Id. The creditor filed a dischargeability complaint one day after the bar date. Id. The creditor argued that "its complaint should be considered timely based on the doctrines of substantial compliance and relation back of amended pleadings." Id.

5

The Ninth Circuit stated that "the policy of construing pleadings liberally does not justify the conclusion that any document filed in a court giving some notice of a claim satisfies the requirements of the Federal Rules. The documents filed on July 3, 1991, taken as a whole, do not satisfy the requirements for a complaint." Id. at 1357. The Ninth Circuit noted that "[t]he purpose of notice pleading is to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Marino, 37 F.3d. at 1357 (internal quotation marks omitted). The Ninth Circuit also noted that

> Rule 8(a) requires a pleading that states a claim for relief to include a demand for judgment for the relief the pleader seeks. Classic Auto points to no language in the Opposition or documents filed with it that demands a judgment of nondischargeability as required by Rule 8(a). Moreover, the Opposition is not captioned as a pleading and does not include the correct file number as required by Rules 7(a) and 10(a). Nor do the documents satisfy the additional requirement of Bankruptcy Rule 7008(a) that in an adversary proceeding before a bankruptcy judge, a complaint shall contain a statement that the proceeding is core or non-core.

Id.

In Rand, a pro se plaintiff submitted a letter objecting to dischargeability. The court held that the letter constituted a complaint finding that:

> Pfeiffer's January 3rd letter and its accompanying documents sufficiently laid out Pfeiffer's objection to the dischargeability of her debt to be deemed a complaint. The letter and documents apprised the court of the general nature and extent of her potential claim. The letter also contained a reference to the name, number and chapter of the case to which this adversary proceeding relates.

144 B.R. at 256. In addition, other cases have addressed this issue. In In re Levine, 132 B.R. 464 (Bankr. M.D. Fla. 1991), the court found that a document titled "Objection to Dischargeability" was sufficient to constitute a complaint. The document plainly objected that

the debt was not dischargeable in bankruptcy, alleged fraud, and quoted pertinent parts of 11 U.S.C. § 523(a). Id. at 465.

Wilkerson filed a pleading titled "Motion for Relief from Stay" on March 24, 2008. The deadline to file an adversary complaint expired April 7, 2008. On April 17, 2008, Wilkerson made an oral motion to convert the motion to set aside the stay into an adversary proceeding at the hearing on the Motion.

The Motion attached the state court complaint alleging numerous causes of action including allegations of fraud. The certification accompanying the Motion further stated that "[o]n information and belief, Movant's claims are not dischargeable pursuant to the provisions of 11 U.S.C. § 523." (Certification ¶ 3.) Wilkerson further alleged in the Motion that it was entitled to relief from the stay because it

> is not receiving payments on its claim and Debtor denies any personal liability on the claim; fraudulent actions by Debtor created the indebtedness; Wilkerson's interest will be irreparably harmed if it is not permitted to pursue it claims in the State Court Action. Pursuant to the provisions of 11 U.S.C. § 523(a)(2), Debtor's liability is not dischargeable in bankruptcy.

(Motion ¶ 6.) In the prayer, the Motion provides that "Wilkerson moves this Court to issue its Order lifting the Stay as it pertains to Wilkerson's State Court Action against the Debtor." (Id. Prayer.) The certification accompanying the motion further provided:

> Basis for Relief . . . . For cause, pursuant to 11 U.S.C. § 362(d), including but not limited to, Debtor's fraudulent activity and Debtor's procurement of money, property services through false pretenses, false representation or actual fraud. See 11 U.S.C. § 523(a)(2). Movant requests the stay to be lifted so that it may proceed with the State Court Action against Debtor.

(Certification ¶ 4.) Although the prayer did not demand judgment, the Motion alleged that Elliott's debt to Wilkerson is not dischargeable in bankruptcy based on fraud. Further, as in

Rand, Wilkerson repeatedly references the nondischargeability statute, § 523.  The Motion, like the filings in Dominquez, plainly put Elliott on notice that Wilkerson challenged the dischargeability of the claim.  Further, on March 25, 2008, Elliott responded to the Motion stating in pertinent part that Wilkerson's "motion is not a proper motion/action to determine dischargeability of a claim," which supports the court's finding that Elliott understood that Wilkerson was challenging the dischargeability of the claim, albeit in a deficient pleading. (November Order 3.)

After reviewing the case law, the court finds that although the Motion did not specifically pray for a judgment of nondischargeability, the Motion, the certification and the state court complaint, taken together, allege that the claim is nondischargeable based on fraud referencing the relevant statutory section, § 523(a)(2).  Therefore, the court finds that although the Motion and accompanying documents are deficient in certain respects, they were certainly sufficient to place Elliott on notice that Wilkerson challenged the dischargeability of the claim.

In addition, the court finds that the relation back doctrine applies.  On April 17, 2008, Wilkerson orally moved to amend the Motion to constitute a proper complaint and for the amendment to relate back to the filing of the Motion.  Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  In Dominquez, the debtor argued that the court should strictly enforce the bar date and not allow the amendment to relate back.  The court held that "[a]cceptance of this argument in this context would elevate form over substance and defeat the explicit purpose of the relation back doctrine

for amendments to complaints." 51 F.3d at 1510. Therefore, the court finds that Wilkerson is granted leave to amend its complaint to comply fully with Rules 8(a) and 7008.

Further, even if the court were to find that the Motion was insufficient to allege a complaint, the court finds that in equity, the deadline set forth in Rule 4007(c), should be tolled to allow the filing of a complaint. Much of the bankruptcy court's November Order emphasizes that the deadline in Federal Rule of Bankruptcy Procedure 4007(c) is strictly construed and should not be extended absent extraordinary circumstances. Further, Elliott argues that the deadline should not be extended based on the strict construction of Rule 4007(c). (Appellee's Br. 5.) As a general rule, the court agrees.

Rule 4007(c) states unequivocally that in a chapter 13 bankruptcy "[a] complaint to determine the dischargeability of a debt under [11 U.S.C.] § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under [11 U.S.C.] § 341(a)." Violations of the Federal Rules of Bankruptcy Procedure deadlines cannot be ignored or excused. Taylor v. Freeland & Kronz, 503 U.S. 638, 644 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."). A primary purpose of Rule 4007(c) is to encourage creditors "to file their complaints speedily or yield them forever." In re Meyer, 120 F.3d 66, 69 (7th Cir. 1997). "Section 523(c) evidences Congressional intent that a debtor shall be discharged even from fraudulent debt unless the creditor acts." In re Pendergrass, 376 B.R. 473, 478 (Bankr. E.D. Pa. 2007). "The rules promulgated to enforce this provision provide a clear deadline with no language demonstrating that leniency may be allowed for *any* length of tardiness." Id. "The result may seem harsh where the filing is but a single day late, but as the

Supreme Court has noted on more than one occasion, to hold otherwise is to tread down the quintessential slippery slope . . . ." Id.

In its May Order, the bankruptcy court appeared to make equitable considerations regarding whether Wilkerson filed a timely complaint. The bankruptcy court stated that "[i]n this case, however, deadlines have expired since the filing of the motion in question, and therefore prejudice is an issue." (May Order 4.) This court interpreted that statement to mean that the bankruptcy court determined that Elliott would suffer prejudice if the motion was deemed an adversary pleading. This court remanded the case to allow the bankruptcy court to articulate the prejudice to the parties in this case. On remand, the bankruptcy court stated that "it was never the intention of this court to base its decision whether to exercise any powers under § 105 by balancing hardships, and this court found no case law suggesting that scales tipped in favor of Wilkerson warrant the relief requested." (November Order 11.) The bankruptcy court held that

> [t]he facts of this case do not present one of the few, extraordinary circumstances that warrant equitable relief under applicable law. Despite notice from the court and a reminder from the Debtor, Wilkerson simply failed to act diligently to initiate a proper demand for the determination of the dischargeabililty of debt.

(November Order 11.)

As the bankruptcy court stated, the bankruptcy court is a court of equity and has equitable powers pursuant to 11 U.S.C. § 105. In re Landbank Equity Corp. 973 F.2d 265, 271 (4th Cir. 1992). "There do exist equitable doctrines available for use in those extraordinary cases in which a manifest injustice would result if established legal principles were to be applied." Id. However, the bankruptcy court's status as a court of equity "does not confer on

the court unlimited authority to ignore plain statutory requirements and to alter the substantive rights of the parties." Id. However, "[i]n a bankruptcy proceeding it is especially appropriate to consider equitable principles and to disregard technicalities." General Motors Acceptance Corp. v. Smith, 377 F.2d 271, 274 (4th Cir. 1967).

The deadline in Rule 4007(c) is not jurisdictional and "does not preclude the bankruptcy court from exercising its equitable powers in extraordinary cases." (May Order 6 (citing Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 248 (4th Cir. 1994) (holding that Rule 4004(a), similar to 4007(c), is not jurisdictional)).) The Rule 4007 deadline "is generally subject to the defenses of waiver, estoppel, and equitable tolling." In re Maughan, 340 F.3d 337, 344 (6th Cir. 2003). Equitable tolling is "appropriate 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period . . . .'" Asbury v. City of Roanoke, No. 7:08CV00272, 2009 WL 482873, at *6 (W.D. Va. Feb. 25, 2009) (unpublished) (finding that plaintiff who failed to file complaint within 60 days of receiving right to sue letter from EEOC not entitled to equitable tolling) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, (1990)). In addition, the absence of prejudice, standing alone, does not justify equitable tolling unless another factor that would justify equitable tolling is present. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984).

Wilkerson actively pursued its judicial remedies by filing the Motion prior to the deadline on March 24, 2008, asking the bankruptcy court to lift the stay to allow Wilkerson to pursue its claims in state court, and alleging that the debt was not dischargeable in bankruptcy. After filing the Motion, Elliott responded on March 25, 2008, that the Motion was insufficient to challenge discharge of the debt. Unfortunately, the deadline for filing an adversary complaint

11

expired April 7, 2008, while the Motion was still pending and ten days prior to the hearing on the Motion. At the April 17, 2008 hearing on the Motion, Wilkerson moved to amend and convert the motion into an adversary complaint.

     This is not a situation where Wilkerson did nothing and let the bar date pass. To the contrary, Wilkerson filed a defective pleading before the bar date and only definitively learned that it was defective when the bankruptcy court denied its motion to amend and convert the Motion after the filing deadline had expired. Based on the facts of this case, equitable tolling is appropriate. Wilkerson pursued its judicial remedies by filing a Motion informing Elliott and the bankruptcy court that the debt was not dischargeable in bankruptcy based on allegations of fraud and that Wilkerson would be prejudiced if the bar date was not extended. Further, Elliott was on notice of Wilkerson's claim that the debt was not dischargeable in bankruptcy and the record is devoid of any evidence of prejudice to Elliott. Based on the foregoing, the Rule 4007(c) deadline is equitably tolled to allow Wilkerson to file a timely adversary complaint.

     It is therefore

     **ORDERED** that the bankruptcy court's November Order is reversed and this matter is remanded for further proceedings consistent with this opinion.

     **IT IS SO ORDERED**.

                                s/Henry M. Herlong, Jr.
                                United States District Judge

Greenville, South Carolina
March 17, 2009